

SEALED
ORIGINAL
FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OCT 11 2017
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | NO. 3-17CR-507-D |
| TIM JONES | |

# INDICTMENT

The Grand Jury charges:

## General Allegations

At all times material to this Indictment:

1. The defendant, **Tim Jones**, was employed by the Dallas County Community Supervision and Corrections Department from 2012 until October 2015.

2. Between January 2015 and October 2015, **Jones** was a court probation officer for Dallas County.

3. Court probation officers are responsible for defendants who have been referred from field probation offices to the court level. Among other reasons, these referrals occur because defendants have violated the terms of their probation, have failed to satisfy the conditions of their probation before their terms of probation have expired, or require permissions that can be granted only at the court level, such as permission to travel for work.

4. Court probation officers can recommend to the court that motions be filed to revoke probation and to have warrants issued for probationers' arrests.

5.     Once a motion to revoke is filed, court probation officers have discretion to negotiate the remaining conditions of probation with probationers and their counsel, including the payment of probation fees.

6.     Court probation officers are expressly prohibited from accepting payment from probationers for probation fees and other sums owed. Instead, probationers pay probation fees either online or in person to the clerk's office.

7.     As a court probation officer, Jones was a "public servant" within the meaning of Texas Penal Code, Section 36.02.

8.     During his employment as a court probation officer, **Jones** concocted and executed a scheme whereby he solicited and received cash and money orders from probationers in exchange for the exercise of his official discretion, including, but not limited to, granting permission to travel, granting early release from probation, withholding arrest warrants, dispensing of community service hours, waiving probation requirements, and reducing the balance of probation fees.

<u>**Counts One through Eight**</u>
**Use of Interstate Facility to Commit Travel Act Violation**
**[Violation of 18 U.S.C. § 1952(a)(3)]**

9.  Paragraphs 1 through 8 of this Indictment are realleged and incorporated by reference as if set forth fully herein.

10. Between January 2015 and October 2015, the exact dates being unknown, within the Dallas Division of the Northern District of Texas, the defendant, **Jones**, used and caused to be used facilities in interstate commerce with the intent to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, that is, Bribery in violation of Texas Penal Code § 36.02, and thereafter, to perform and attempt to perform acts to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of such unlawful activity as follows:

| COUNT | BRIBE PAYOR | BRIBE RECIPIENT | USE OF FACILITY IN INTERSTATE COMMERCE | ACTS PERFORMED THEREAFTER |
|---|---|---|---|---|
| 1 | Probationer D.D. | **Jones** | On or about September 3, 2015, **Jones** called D.D. on the telephone and requested a payment to ensure the timely discharge of his/her probation and the avoidance of additional time on probation. | On or about September 3, 2015, D.D. gave **Jones** a $250 money order. |

Indictment – Page 3

| 2 | Probationer F.H. | **Jones** | On or about September 15, 2015, the exact date being unknown, **Jones** called F.H. on the telephone regarding his/her request to travel and told F.H. something to the effect of "you know what to do." | Thereafter, F.H. paid **Jones** in cash to secure a travel permit. |
|---|---|---|---|---|
| 3 | Probationer J.A. | **Jones** | In or around early June 2015, the exact date being unknown, **Jones** called J.A. on the telephone and told him/her to bring cash to his office to avoid the issuance of a warrant based on unsatisfied conditions of probation. | A few days later, J.A. paid **Jones** $250 in cash. |
| 4 | Probationer J.T. | **Jones** | On or before May 4, 2015, the exact date being unknown, **Jones** called J.T. on the telephone and instructed him/her to bring $300 in cash to his office. | On or about May 4, 2015, J.T. paid **Jones** $300 cash. **Jones** explained to J.T. that he/she needed to pay $100 in lieu of completing his/her community service hours and an additional $200 to complete his/her probation. |
| 5 | Probationer N.K. | **Jones** | In or around August 2015, the | Thereafter, N.K. gave **Jones** a |

Indictment – Page 4

| | | | | |
|---|---|---|---|---|
| | | | exact dates being unknown, **Jones** called N.K. on the telephone and told him/her that she needed to bring him money to avoid issuance of a warrant. | money order for over $100. |
| 6 | Probationer M.K. | **Jones** | In or around April 2015, the exact date being unknown, **Jones** called M.K. on the telephone and yelled at him/her, stating that he/she should have kept their deal to close his/her case and release him/her from remaining community service restitution quiet. | Approximately three weeks later, the exact date being unknown, M.K. gave **Jones** a $300 money order in exchange for discharge papers. |
| 7 | Probationer R.T. | **Jones** | On or about August 14, 2015, **Jones** asked R.T., who was seeking a travel permit, how much money he/she could get out of the ATM machine, after which he/she withdrew $60. | On or about August 14, 2015, R.T. paid **Jones** the $60, after which he/she received his/her travel permit. |
| 8 | Probationer S.K. | **Jones** | On or about September 11, 2015, **Jones** told S.K. to withdraw | On or about September 11, 2015, S.K. paid **Jones** $60, after which he/she was |

|  |  |  | money from an ATM machine. | discharged from probation despite unpaid probation payments and unserved community service hours. |

In violation of 18 U.S.C. § 1952(a)(3).

A TRUE BILL:

_____
FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
for ANDREW Q. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.659.8809

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

TIM JONES

---

INDICTMENT

18 USC §§ 1952(a) (3)
Use of Interstate Facility to Commit Travel Act Violation

8 Counts

---

A true bill rendered

---
DALLAS                                                        FOREPERSON

Filed in open court this 11th day of October, 2017.

---

**Warrant to be Issued**

---

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending